## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | | |
|---|---|---|
| LAWRENCE D. FRANKLIN, and TIMOTHY LONG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV623-037 |
| WARDEN BEASLEY, *et al.*, | ) ) | |
| Defendants. | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

*Pro se* prisoners Lawrence D. Franklin and Timothy Long have jointly brought this action challenging the conditions of their confinement at Smith State Prison. *See generally* doc. 1. As incarcerated prisoners, the plaintiffs must abide by the requirements of the Prison Litigation Reform Act (PLRA). Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Eleventh Circuit has held that the PLRA requirement that "each prisoner pay the full filing fee" precludes permissive joiner of multiple plaintiffs in a single case. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (citing 28 U.S.C. § 1915(b)) *cert. denied*, 534 U.S. 1136 (2002); *see also Scott v. Strength*, 2006 WL 2327469, at *3 (S.D. Ga. Aug. 8, 2006). Franklin and Long cannot, therefore, prosecute their

claims in the same case.  Neither plaintiff moved to proceed *in forma pauperis* and no filing fee was paid.[1]  *See* docs. 5 & 6.  The Court, therefore, enters this Order to clarify the next steps each must take to pursue their respective claims.

First, the Clerk of Court is **DIRECTED** to sever plaintiff Timothy Long from this case and to open a new civil case, identifying Long as the plaintiff and naming the same defendants as the instant action.  *See, e.g.,* Fed. R. Civ. P. 21.  The Clerk is **DIRECTED** to docket a copy of the joint Complaint into that new case.  Doc. 1.  The Clerk is also **DIRECTED** to docket the previously issued Notice of Filing Fee Deficiency issued to Long, doc. 6, and this Order and Report and Recommendation into that case.  Any further submissions from Long captioned for this case should be filed into the new case.  Upon creation of the separate case, Long should be **DISMISSED** from this case.

Second, since the Complaint was not submitted on the Court's form, and because it must be repleaded to allege each plaintiff's claims separately, both Franklin and Long must submit Amended Complaints.

---

[1] The plaintiffs' failure to pay the filing fee does not deprive the Court of jurisdiction to take the steps below.  *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 at * 1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and exhaustion of administrative remedies. *See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). Plaintiffs filing hand-written complaints typically omit those prophylactic questions from their filings.

Accordingly, plaintiffs are **DIRECTED** to resubmit their individual complaints on this Court's form no later than July 5, 2023. The Clerk is **DIRECTED** to include a blank copy of the Court's Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) with each plaintiff's service copy of this Order. Plaintiffs are advised that their respective resubmitted Complaints will supersede the original version and must be complete in themselves. *See, e.g.*, *Pintando v. Miami-Dade*

*Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

Third, Franklin and Long must both comply with the Clerk's direction to either move to proceed *in forma pauperis* in their respective cases or pay their respective filing fees. *See* docs. 5 & 6. As discussed above, any motion or fee that Long submits should be docketed in his newly created case. Plaintiffs are each advised that failure to comply timely with the Clerk's instruction may result in a recommendation that their respective case be dismissed. *See* Fed. R. Civ. P. 41(b).

Finally, Plaintiffs have jointly filed two motions that can be resolved immediately. First, they filed a Motion to Appoint Counsel that alleges their access to legal research materials is inadequate, they do not have regular access to phones, and the mail is delivered weekly. *See* doc. 3. They have also jointly moved for a "transfer" to Coastal State Prison. *See* doc. 4. They allege that their ability to litigate this case will be improved by such a transfer and that Coastal State Prison will provide a safer environment. *Id.* at 1. Neither motion merits relief.

As to plaintiffs' request for court-appointed counsel, it must be remembered that they have no constitutional right to counsel in this civil

case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis

to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). The plaintiffs have presented "the essential merits of [their] position" to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Plaintiffs' joint motion is, therefore, **DENIED**. Doc. 3.

Plaintiffs' request for a transfer is most charitably construed as a request for preliminary injunctive relief. "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites"; namely (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever

damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[G]ranting or denying a . . . preliminary injunction rests within the discretion of the district court." *Hernandez v. Inch*, 2021 WL 5361086, at *1 (N.D. Fla. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (1997)).

This Court has denied similar requests for preliminary injunctions seeking "transfer . . . to a 'non-violent' . . . prison[ ]." *See Harris v. Deal*, 2016 WL 7856418, at *1 (S.D. Ga. Dec. 13, 2016). There, as here, "Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements." *Id.* Moreover, as the Court noted, "federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons." *Id.* at *2 (citing *Prieser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)). Finally, "it is well settled that [a prisoner] has no constitutional right to confinement in a particular prison . . . ." *Alverson v. Mills*, 2020 WL 1979570, at *2 (M.D. Ala. Mar. 17, 2020), *adopted* 2020

WL 1975374 (M.D. Ala. Apr. 24, 2020) (denying "motion for preliminary injunction[ ] seeking a transfer to a less violent dorm and to [another prison].") Accordingly, Plaintiffs' joint Motion for Transfer should be **DENIED**. Doc. 4.

In summary, the Clerk will open a separate case for Plaintiff Long's claims, as described above. Since his claims will proceed separately in that newly created case, he should be **DISMISSED** from this case. Both plaintiffs, in their respective cases, must comply with the Clerk's instructions concerning their filing fees and the Court's instructions above concerning submission of amended complaints using the Court's standard form. Plaintiffs are again advised that failure to comply timely and in full with the instructions above may result in a recommendation of dismissal. *See* Fed. R. Civ. P. 41(b). Plaintiffs' joint Motion to Appoint Counsel is **DENIED**. Doc. 3. Their joint Motion to Transfer, construed as a motion for a preliminary injunction, should be **DENED**. Doc. 4.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 7th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA