# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| LAWRENCE D. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV623-037 |
| | ) | |
| WARDEN BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

After recommending dismissal of another prisoner who sought to join this case as a plaintiff, the Court directed *pro se* plaintiff Lawrence D. Franklin to submit an amended pleading. *See* doc. 7 at 3. He complied. Doc. 14. Franklin was subsequently authorized to proceed *in forma pauperis*. Doc. 16. He returned the required forms. *See* docs. 17 & 18. The Court might, therefore, proceed to screen his Amended Complaint. *See, e.g.,* 28 U.S.C. § 1915A(a). The character of his pleading, in addition to his subsequent filings, make that screening impossible, as explained below. He has also filed multiple requests for court-appointed counsel. *See* docs. 26, 31 & 34. Finally, Franklin has filed a "Motion for

Prisoner Release." Doc. 35. All of Franklin's motions are addressed below.

The Court previously denied Franklin's request, filed jointly with the former co-plaintiff, for appointed counsel. *See* doc. 7 at 4-6. As the Court explained, in this Circuit the critical question in assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simply, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (internal quotation marks and citation omitted). Such appointment is justified "only by exceptional circumstances." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Despite the difficulties of litigating while incarcerated, prisoners do not receive special consideration. *See, e.g., Holzclaw v. Milton*, 2019 WL 1474398, at *1 (S.D. Ga. Apr. 3, 2019). Similarly, plaintiffs who are able to conduct their cases, despite allegations of mental illness or disability, are not entitled to appointed counsel in a civil case. *See Kidwell v. Wagoner*, 2011 WL 13175897, at *1 (M.D. Fla. Feb. 11, 2011). Franklin's pleadings, while perhaps excessively voluminous, do not indicate that he is unable to present his

claims. As before, the Court discerns no "exceptional circumstance," warranting appointed counsel. Franklin's Motions are, therefore, **DENIED**. Docs. 26, 31 & 34.

Franklin has also filed a Motion seeking a "prisoner release order," pursuant to 18 U.S.C. § 3626. *See* doc. 35 at 1. Section 3626(a)(3) authorizes courts to issue a "prisoner release order," pursuant to specified procedures and on extremely limited conditions. *Id.* As relevant here, one of the required conditions before such an order can be entered is that "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order . . . ." 18 U.S.C. § 3626(a)(3)(A)(i). Although Franklin states that "[t]his Court[']s orders have been consistently ignored by Defendants . . . ," doc. 35 at 3, the docket belies his contention. *See generally* docket. Since no order has entered directed towards any defendant, obviously "the defendant has [not] had a reasonable amount of time to comply," with such an order. *See* 18 U.S.C. § 3626(a)(3)(A)(ii). Since neither of the mandatory

conditions for a prisoner release order under § 3626(a)(3) have been satisfied, Franklin's request should be **DENIED**.[1]  Doc. 35.

Having addressed Franklin's pending motions, the Court might proceed to conduct the screening required by 28 U.S.C. § 1915A. However, the nature of Franklin's filings in this case make that screening impossible.  The operative pleading in this case, the Amended Complaint, identifies multiple defendants, including "[a]ll Commissary Dept workers," and "[a]ll kitchen staff."  Doc. 14 at 2-3.  It includes multiple claims, without clearly identifying the particular defendants against whom those clams are asserted.  *See id.* at 12-14, 16, 21-24.  Some claims appear to be asserted as notations on other documents, which are also labeled as exhibits.  *See, e.g., id.* at 18.  Further complicating matters is the fact that Franklin has filed documents that appear intended to supplement his allegations.  *See, e.g.,* doc. 19 at 1 (uncaptioned document purportedly "adding defendants" and factual allegations); doc. 20 ("affidavit" apparently adding factual allegations); doc. 21 (uncaptioned

---

[1] Although motions under § 3626 are not among the motions specifically enumerated in 28 U.S.C. § 636(b)(1)(A), such a request appears best construed as a request for injunctive relief.  The Court, therefore, recommends the above disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

document apparently adding factual allegations); doc. 22 ("Legal Argument in support of Affidavit," apparently adding factual allegations); doc. 24 (uncaptioned document apparently adding factual allegations and claims for relief); doc. 26 at 5-20 ("timeline" apparently adding factual allegations); doc. 27 ("Notice" apparently adding or identifying defendants and adding factual allegations); doc. 29 ("Declaration" apparently adding factual allegations); doc. 30 (document titled "Timeline of tale toll [sic] signs and events to show the Courts that Franklins claims are true . . ."); doc. 32 (document titled "Timeline of Evidents [sic] Critical to Evidence and Proveing [sic] Guilt and Deliberate indifference of Defendants"); doc. 33 (document titled "Timeline of Events Critical to Evidence of Guilt and Truth and Facts and Claims"); doc. 34 at 2 (apparently adding a claim of retaliatory transfer), 4-9 (document titled "Timeline of Events Relevant to Evidence against Defendants"). In addition to their ambiguous form, the length of the additional submissions is significant; comprising more than 180 pages of material.

The totality of Franklin's pleadings can only characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *Id.* at 1321 & n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. *Cf.* Fed. R. Civ. P. 8–11 (rules for civil pleadings before the Federal Courts). They typically present in four varieties: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim. *Adams v. Huntsville Hosp.*, 819 Fed. App'x. 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321-23). To the extent that Franklin's claims are discernable at all, they fall into the second, third, and fourth categories.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to

dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). Before doing so, plaintiffs are entitled to a single opportunity to amend their pleadings in order to better present their claims. *See id.* at 1296. Therefore, Franklin is **DIRECTED** to file a Second Amended Complaint by May 31, 2024. The Second Amended Complaint must comply with the requirements of Federal Rules of Civil Procedure 8–11, which, *inter alia*, require short and plain statements.[2] The pleading must specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted. The Amended Complaint will supersede all current pleadings and should reassert all claims against all named defendants. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint

---

[2] A copy of the Federal Rules of Civil Procedure is available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

unless the amendment specifically refers to or adopts the earlier pleading."). The Clerk is **DIRECTED** to send him a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). To the extent that Franklin submits additional pages, each page must identify which section of the form complaint it supplements and a page number. While Franklin is free to attach documents to his pleading, he should not include any additional allegations as notations on those attachments. Franklin is advised that failure to submit his amendment timely may result in dismissal for failure to obey a court order or failure to prosecute. *See, e.g.,* Fed. R. Civ. P. 41(b).

Finally, the Court must assess Franklin's filing fee. *See* 28 U.S.C. § 1915(b). Franklin's Prisoner Trust Account Statement indicates average monthly deposits and balance of $24.25. Doc. 18 at 1; doc. 23 at 1. He, therefore, owes an initial partial filing fee of $4.85. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance

of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order. [3]

In summary, Franklin's requests for court-appointed counsel are **DENIED**.  Docs. 26, 31 & 34.  His Motion for Prisoner Release Order should be **DENIED**.  Doc. 35.  He is **DIRECTED** to submit a Second Amended Complaint, as specifically instructed above, by no later than May 31, 2024.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

---

[3]  The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 13th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA