# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

LAWRENCE D. FRANKLIN,    )
    )
      Plaintiff,    )
    )
v.    )      CV623-037
    )
WARDEN BEASLEY, *et al.*,    )
    )
      Defendants.    )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Lawrence D. Franklin to amend his "shotgun" pleading. *See* doc. 37 at 4-7. He has now filed a "Motion to Transfer," and another pleading. *See* docs. 38 & 40. The pleading he submitted, however, is not an "amendment" of his prior pleading. As explained more fully below, it concerns entirely different events and defendants from his prior pleadings. Moreover, this division is not the proper venue for the amended claims. Therefore, as discussed below, the proposed amended claims are severed from this case and transferred to the proper division. In the absence of any amendment, Franklin's prior Amended Complaint should be **DISMISSED** as a

shotgun pleading.  Doc. 14.  His Motion for Transfer should be **DENIED**.
Doc. 38.

Franklin's Second Amended Complaint, like his prior pleadings, is
somewhat disorganized and difficult to follow.  *See generally* doc. 40.  It
is clear, however, that its allegations are wholly disconnected from his
prior allegations.  First, the listed defendants are entirely different.  The
current pleading names several individuals who are employees of Ware
State Prison in Waycross, Georgia and the Georgia Department of
Corrections.  *See id.* at 2-3, 51.  His Amended Complaint listed
defendants employed at Smith State Prison in Glennville, Georgia.  *See*
doc. 14 at 2-3.  Franklin summarizes the scope of the events alleged in
the Second Amended Complaint as occurring while he was "housed . . . at
Ware State Prison, starting April 6, 2024 even until now May 30, 2024 .
. . ."  Doc. 40 at 4.  He summarizes the scope of the events alleged in his
Amended Complaint as beginning "April 6th, 2023 at Smith State Prison
. . . ."  Doc. 14 at 4-5.  The more detailed factual allegations in the Second
Amended Complaint confirm that it is limited to claims arising at Ware
State Prison.  *See* doc. 40 at 28-38.  While he does mention events at
Smith State Prison, those allegations do not appear related to the claims

asserted.  *See, e.g., id.* at 46-47 (asserting violations of an order issued by the Honorable Marc T. Treadwell, United States District Judge in the Middle District of Georgia).

Since the Second Amended Complaint exclusively concerns events at Ware State Prison, this Division is not the proper venue.  *See* 28 U.S.C. § 90(c)(4).  Those claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," as his claims arising at Smith State Prison.  Fed. R. Civ. P. 20(a)(2).  Since those claims are misjoined to the claims previously, if not sufficiently, asserted in this Division, the Court will sever them and transfer them to the Waycross Division.  *See* Fed. R. Civ. P. 21; S.D. Ga. L. Civ. R. 2.3.  The Clerk is **DIRECTED** to open a new civil action in the Waycross Division and docket Franklin's Second Amended Complaint, doc. 40, Franklin's Motion to Proceed *in forma pauperis*, doc. 9, the Court's Order granting that Motion, doc. 16, the forms Franklin completed, docs. 17 & 18, and a copy of this Order and Report and Recommendation into the new case. The defendants in that case should be McNeal, Best, Taylor, Boggs, and Jenkins.  *See* doc. 40 at 2-3, 28-38.  The Clerk is **DIRECTED** to **TERMINATE** those defendants from this case.  All claims that Franklin

asserts in his Second Amended Complaint arising at Ware State Prison will proceed in that separate action in the Waycross Division.

Given that Franklin's claims arising at Ware State Prison are not properly joined in this case, his Amended Complaint, doc. 40, does nothing to address the "shotgun" character of his prior Complaint, *see* doc. 37 at 5-7. "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Since the Court previously explained the defective "shotgun" character of the Amended Complaint and afforded plaintiff an opportunity to amend, further opportunity to amend is not warranted. The Amended Complaint, doc. 14, should, therefore, be **DISMISSED**. *See, e.g., Weil v. Phillips*, 816 F. App'x 339, 342 (11th Cir. 2020) (affirming dismissal where "[t]he district court explicitly told [the *pro se* plaintiff] the problem with his complaint and gave him an opportunity to amend it

4

to fix the problem, but, instead, he did the same thing—alleging a shotgun pleading—in his second amended complaint." (citation omitted)).

Finally, Franklin has also filed a Motion requesting that the Court order his transfer to Coastal State Prison. *See* doc. 38. The Court previously addressed a substantively identical request. *See* doc. 8 at 6-8. The insufficiency of the request has not changed. Such a request is most plausibly construed as a request for a preliminary injunction. "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites"; namely (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[G]ranting or denying a . . . preliminary injunction rests within the discretion of the district court." *Hernandez v. Inch*, 2021 WL 5361086, at

*1 (N.D. Fla. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (1997)).

This Court has denied similar requests for preliminary injunctions seeking "transfer . . . to a 'non-violent' . . . prison[ ]." *See Harris v. Deal*, 2016 WL 7856418, at *1 (S.D. Ga. Dec. 13, 2016). There, as here, "Plaintiff has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements." *Id.* Moreover, as the Court noted, "federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons." *Id.* at *2 (citing *Prieser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)). Finally, "it is well settled that [a prisoner] has no constitutional right to confinement in a particular prison . . . ." *Alverson v. Mills*, 2020 WL 1979570, at *2 (M.D. Ala. Mar. 17, 2020), *adopted* 2020 WL 1975374 (M.D. Ala. Apr. 24, 2020) (denying "motion for preliminary injunction[ ] seeking a transfer to a less violent dorm and to [another prison].") Finally, to the extent that the Motion concerns alleged conditions at Smith State Prison, *see* doc. 38 at 1, his transfer to Ware State Prison renders the request moot. *See, e.g., McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is

that a prisoner's transfer . . . moots his individual claim for declaratory and injunctive relief."). Accordingly, Plaintiffs' Motion for Transfer should be **DENIED**. Doc. 38.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this

<u>14th</u> day of June, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA