UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| LAWRENCE D. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV623-037 |
| | ) | |
| WARDEN BEASLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendations (R&R), (doc. no. 41), to which Plaintiff has filed an Objection, (doc. no. 43). For the reasons explained below, the Reports and Recommendations are **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge previously directed pro se plaintiff Lawrence D. Franklin to amend his pleading because his Amended Complaint, (doc. no. 14), and subsequent pleadings, (docs. nos. 19, 20, 21, 22, 26, 27, 29, 32, 33 & 34), constituted impermissible "shotgun pleadings." (Doc. no. 37 at 4-7.) Franklin did file a Second Amended Complaint, as directed. (See doc. no. 40.) However, the Magistrate Judge concluded that the claims asserted in that pleading did not constitute an amendment of the prior claims, but entirely new claims against different defendants arising at an entirely different prison. (See doc. no. 41 at 2-3.) The Magistrate Judge, therefore, severed those claims and transferred them to the proper division of this Court. (Id. at 3.) Since the Second Amended Complaint did not address the shotgun character of the claims previously asserted in the

Amended Complaint, the Magistrate Judge recommended that those claims, and this case, be dismissed. (Id. at 4-5.)

Franklin first objects to the Magistrate Judge's determination that his transfer from Smith State Prison to Ware State Prison renders his request for a transfer from Smith State Prison to a different state prison moot. (Doc. no. 43 at 1-2.) However, regardless of Franklin's argument against the mootness of his request, the Magistrate Judge also explained that his request for a transfer was meritless. (Doc. no. 41 at 6.) The Magistrate Judge correctly recognized that prisoners have no right to be incarcerated in a particular prison. (Id.); see also, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . ."); Head v. Gammage, No. CV416-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) ("[T]here is no constitutional right to remain at or be transferred from a particular penal institution."), adopted 2018 WL 2303726 (S.D. Ga. May 21, 2018). Franklin's allegation, in his Objection, that the transfer from Smith State Prison to Ware State Prison was retaliatory does not alter the availability of the relief he seeks. (See doc. no. 43 at 2.) Franklin's Motion for Transfer is, therefore, **DENIED**. (Doc. no. 38.)

Franklin also objects to the Magistrate Judge's recommendation that his Amended Complaint be dismissed as a "shotgun pleading." (See doc. no. 43 at 2-3.) He does not point to any defect in the Magistrate Judge's statement of the applicable law or his application of that law to Franklin's pleadings. (See id.) Instead, he objects that the Magistrate Judge denied his request for appointed counsel. (Id.) The lack of legal assistance, he asserts, was the cause of the defects in his pleadings. (Id.) He also suggests that limited access to legal resources in his prison—it's not clear whether he encountered

the issues at Smith State Prison or Ware State Prison—impede his ability to "prepare for a case." (Id. at 3.) None of those arguments is availing.

First, the Magistrate Judge did not err in denying Franklin's repeated requests for counsel. (See, e.g., doc. no. 36 at 2-3.) This Court has repeatedly explained that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). It is also well-established that "once a pro se litigant is in court, he is subject to the relevant law and rules of court," which require, among other things, that litigants "comply with court orders." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is clear from Franklin's pleadings that he is able to present his arguments in a manner that the Court can understand. The fact that he has refused to correct the "shotgun" character of his pleadings is, therefore, not plausibly attributable to his pro se status.

Second, the Magistrate Judge's prior Order clearly explained that, to correct the "shotgun pleading" defects in his prior pleadings, he should "specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted." (Doc. no. 37 at 7.) As the Magistrate Judge explained, Franklin's Second Amended Complaint asserted wholly novel claims. (Doc. no. 41 at 2-3.) Franklin has not disputed the Magistrate Judge's conclusion that his pleadings, spread over thirteen filings comprising more than 180 pages of material, are, in their totality, an impermissible "shotgun pleading." (See doc. no. 37 at 4-7; see also doc. no. 43.) Given that concession, he did not even attempt to correct the "shotgun" character of his prior pleadings. He points to no authority, and the Court is aware of none, that suggests that pro se prisoners are exempt from the prohibition on such pleadings.

See, e.g., Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (affirming dismissal of pro se complaint as a "shotgun pleading"); Frantz v. Walled, 513 F. App'x 815, 820 (11th Cir. 2013) (same). The Court, therefore, agrees with the Magistrate Judge's conclusion that Franklin's Amended Complaint, and subsequent filings, remain subject to dismissal as impermissible "shotgun pleadings."

After a de novo review, therefore, the Court agrees with the Magistrate Judge's conclusion that Franklin's Motion for Transfer should be denied and his Amended Complaint should be dismissed. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. no. 41.) Franklin's Amended Complaint is **DISMISSED**. (Doc. no. 14.) His Motion to Transfer, which the Magistrate Judge correctly construed as a request for injunctive relief, (doc. no. 41 at 5), is **DENIED**. (Doc. no. 38.) The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of July, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA